**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

PAM HOWARD and EBEN HOWARD                                                          PLAINTIFFS
ex rel UNITED STATES OF AMERICA

v.                                    No. 4:13CV00310 JLH

ARKANSAS CHILDREN'S HOSPITAL;
RON ROBERTSON, individually; and JON
BATES, individually                                                                 DEFENDANTS

**OPINION AND ORDER**

Pam Howard and Eben Howard bring this action against Arkansas Children's Hospital, Dr. Ron Robertson, and Jon Bates, alleging that after they expressed concern about the defendants' billing practices they were terminated, in violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, the False Claims Act, the Arkansas Civil Rights Act, and the public policy of the State of Arkansas.

Pam Howard was formerly employed by the Division of General Surgery of the University of Arkansas for Medical Sciences. In connection with that employment, she also served as director of the Burn Center at Arkansas Children's Hospital. Eben Howard was employed by the Cardiology, Cardiovascular, and Cardiothoracic Surgery Department of Arkansas Children's Hospital.

The plaintiffs were terminated from their positions subsequent to their raising questions concerning the manner in which Arkansas Children's Hospital billed the federal government. The plaintiffs received a large amount of personal health information regarding Arkansas Children's Hospital patients in the course of their duties, which they retained after they were terminated. Sometime in 2009 or 2010, they disclosed that personal health information to an attorney in anticipation of this action.

In the course of discovery, the plaintiffs disclosed to the defendants that they were in possession of the protected health information. The defendants advised that the plaintiffs had violated the Health Information Patient Portability and Accountability Act of 1996 in acquiring the protected health information and disclosing it to the plaintiffs' counsel. In response, the plaintiffs disputed that they violated HIPAA, contending that they fell within the HIPAA whistleblower exception.

The defendants filed a motion for partial summary judgment on their defense that the plaintiffs are not entitled to whistleblower status under the False Claims Act. The plaintiffs, in turn, filed a response to the motion for partial summary judgment and a second verified motion to stay the time for a response to the motion for partial summary judgment in order to take depositions and to obtain discovery sought in a separately-filed motion to compel.

## I.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L. Ed. 2d 202 (1986). The court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

**II.**

Although the defendants express urgency regarding a possible HIPAA violation, their brief primarily addresses the question of whether the plaintiffs are whistleblowers under the False Claims Act. 31 U.S.C. § 3730(h). The defendants argue that the plaintiffs have alleged only the legal conclusions that certain irregularities resulted in Arkansas Children's Hospital submitting a false or fraudulent claim to the federal government. They contend that the plaintiffs' allegations concern irregularities in services provided by Dr. Robertson and Dr. Thomas Best. Furthermore, they contend that Dr. Robertson and Dr. Best were employees of the University of Arkansas for Medical Sciences—not Arkansas Children's Hospital. The defendants maintain that Arkansas Children's Hospital would not have submitted charges for these physicians' inpatient services to the federal government and that the defendants have not alleged that any outpatient services were falsely or fraudulently submitted to the federal government.

The plaintiffs respond by admitting that neither Dr Robertson nor Dr. Best was employed by Arkansas Children's Hospital, but nonetheless they contend that these individuals created false records that caused Arkansas Children's Hospital and third parties to bill the federal government for patient care and procedures. They argue that while only one false inpatient billing by Dr. Robertson

is alleged in the complaint, the discovery process is continuing and that Arkansas Children's Hospital has billed for other false claims.

> "The FCA whistleblower statute protects employees who are 'discharged . . . because of lawful acts done by the employee . . . in furtherance of [a civil action for false claims].'" *Schuhardt v. Washington Univ.*, 390 F.3d 563, 566 (8th Cir. 2004) (alterations in original) (quoting 31 U.S.C. § 3730(h)). To prove retaliation under the FCA, "a plaintiff must prove that (1) the plaintiff was engaged in conduct protected by the FCA; (2) the plaintiff's employer knew that the plaintiff engaged in the protected activity; (3) the employer retaliated against the plaintiff; and (4) the retaliation was motivated solely by the plaintiff's protected activity." *Id.* To constitute protected activity, an employee's conduct must satisfy two conditions: (1) it "must have been in furtherance of an FCA action" and (2) it "must be aimed at matters which are calculated, or reasonably could lead, to a viable FCA action," meaning "'the employee in good faith believes, and . . . a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing fraud against the government.'" *Id.* at 567 (quoting *Wilkins v. St. Louis Hous. Auth.,* 314 F.3d 927, 933 (8th Cir. 2002)).

*Schell v. Bluebird Media, LLC*, Case No. 14-1649, 2015 WL 3429443, at *6, ___ F.3d ___, ___ (8th Cir. May 29, 2015) (alterations in *Schell*).

Here, the plaintiffs raised questions concerning the manner in which Arkansas Children's Hospital billed the federal government. This is protected activity in furtherance of aa civil action under the False Claims Act. The plaintiffs' declarations state that they believed in good faith that Arkansas Children's Hospital was submitting false claims by creating false medical records and illegally billing the federal government. Documents #100-2 at 1-2 ¶ 3; #100-1 at 1 ¶ 3. However, the plaintiffs have offered very little in the way of facts to support their claim that a reasonable employee in the same or similar circumstances might have come to the same conclusion.

The plaintiffs argue that discovery is ongoing and that summary judgment on this issue would be premature. They argue in their verified motion to stay that they need the deposition of Jon Bates to determine whether a joint employment relationship exists, as well as the BAR, Meditech,

and SYNGO databases to determine whether Arkansas Children's Hospital created a false record to induce payment from the federal government. Document #93 at 1 ¶ 1.

Under Federal Rule of Civil Procedure 56(d), a court may deny a motion for summary judgment if the nonmoving party shows by declaration that it cannot present facts essential to justify its opposition. Here, the plaintiffs' attorney has declared under penalty of perjury that the plaintiffs cannot frame a complete response to the defendants' motion. Document #93 at 4 ¶ 8. Summary judgment is premature at this juncture. Therefore, the motion for partial summary judgment on the defendants' defense that plaintiffs are not whistleblowers under the False Claims Act is denied pursuant to Rule 56(d).

### III.

The defendants' summary judgment brief requests that this Court determine that the plaintiffs are not whistleblowers under HIPAA. Under HIPAA:

> (1) Disclosures by whistleblowers. A covered entity is not considered to have violated the requirements of this subpart if a member of its workforce or a business associate discloses protected health information, provided that:
>
>> (i) The workforce member or business associate believes in good faith that the covered entity has engaged in conduct that is unlawful or otherwise violates professional or clinical standards, or that the care, services, or conditions provided by the covered entity potentially endangers one or more patients, workers, or the public; and
>>
>> (ii) The disclosure is to:
>> * * *
>> (B) An attorney retained by or on behalf of the workforce member or business associate for the purpose of determining the legal options of the workforce member or business associate with regard to the conduct described in paragraph (j)(1)(i) of this section.

45 C.F.R. § 164.502(j)(1).

First, Arkansas Children's Hospital is a "covered entity." *See* 45 C.F.R. § 160.103. Second, the plaintiffs were member of its workforce or business associates of Arkansas Children's Hospital before they were terminated. *See id.* Although it is unclear whether the plaintiffs disclosed the personal health information to their attorney before or after their respective terminations, there is no dispute that the plaintiffs acquired the information in the course of their duties with the hospital when they were workforce members or business associates. Third, the plaintiffs believed that Arkansas Children's Hospital behaved unlawfully, violated professional or clinical standards, or was endangering patient safety. Documents #100-1 at 1 ¶ 3; #100-2 at 1 ¶ 3. And finally, the disclosure was to attorney Brian Brown and to Luther Sutter, for purposes of determining their legal options with regard to their concerns. *See* Document #100-3 at 1. Therefore, the plaintiffs have met their burden of showing that they qualify as whistleblowers under the HIPAA regulations.

## CONCLUSION

For the reasons set forth above, the defendants' motion for partial summary judgment is DENIED. Document #72. To the extent that the defendants seek judgment that the plaintiffs are not whistleblowers under the False Claims Act, the motion is denied under Rule 56(d). To the extent that the defendants seek judgment that the plaintiffs are not whistleblowers under HIPAA, the motion is denied on the merits. The plaintiffs' second verified motion to stay is DENIED as moot. Document #101.

IT IS SO ORDERED this 1st day of July, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE